**LAW OFFICES OF**
**CHARLES ANTHONY SHAW, PLLC**
140 NORTH GRANITE STREET
PRESCOTT, ARIZONA  86301
TELEPHONE:  (928) 778-0801
EMAIL tony@cashawlaw.com

Charles Anthony Shaw, #003624

Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William E. Lewin, a single man, ) | No. CV-10-8041-PCT-FJM |
| ) | |
| Plaintiff, ) | **MOTION TO QUASH** |
| ) | **SUBPOENAS AND/OR** |
| vs. ) | **MOTION FOR PROTECTIVE** |
| ) | **ORDER** |
| Nackard Bottling Company, an ) | |
| Arizona Corporation, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Pursuant to Rules 45(c)(A)(iii) and 26(c), Fed. R. Civ. P., LR Civ 7.2(j), and the Scheduling Order of this Court, Plaintiff moves the Court for a Protecive Order to Quash subpoenas issued by Defendants to five (5) non-party **former employers** of Plaintiff (Dr. Pepper/Seven-Up, Inc., Az. Beverage Control Systems, American Beverage Corporation, Bashas', Inc., and Silver Creek Mortuary) seeking production of **all** employment records and documents, including **all** written materials that would be housed in Plaintiff's personnel file and more specifically:

> "[I]ncluding, but not limited to, any and all employment applications, notes, including interview notes and job references, hiring documents, acknowledgments, time cards, schedules, performance reviews, evidence of sales, salary history, commission amounts paid, leaves of absence, benefit and medical records, disciplinary records, termination records, complaints, correspondence, e-mails."

After personal consultation and sincere efforts to do so, concluding today in a second telephone call, counsel have been unable to satisfactorily resolve the

matter.

Discovery of such confidential employment records constitutes an unnecessary invasion of privacy and personal rights. The 1991 Amendment Advisory Notes to Fed. R. Civ. P. 45(c)(3)(A) "explicitly authorizes the quashing of a subpoena as a means of protecting a witness from misuse of the subpoena power." Employees have a privacy/confidentiality interest in their employment records with other companies. *Smartix Intern., LLC v. Garrubbo, Romankow & Capese, PC,* 2007 WL 4166035 at 2 (S.D.N.Y. 2007) (Rule 26(c), Fed. R. Civ. P., is used to prevent discovery of such records in an employment case); *Williams v. Board of County Com'rs,* 2000 WL 133433, 1 (D. Kan. 2000) (same). Use of such records to show bad character or prior bad acts regarding discipline, allegedly consistent with character when working for Defendants is inadmissible and not relevant for discovery under Rule 404(a), Fed. R. Evidence. *See Chamberlain v. Farmington Sav. Bank,* 2007 WL 2786421 at 3 (D. Conn., 2007); *Zenian v. DC,* 283 F. Supp.2d 36 (D. D.C. 2003). Furthermore, subpoenas seeking "all employment records of a plaintiff" are overbroad on their face and suggest that information is sought for the impermissible purpose of obtaining character evidence. *Badr v. Liberty Mut. Group, Inc.,* 2007 WL 2904210 at 3 (D. Conn. 2007); *Barrington v. Mortgage IT, Inc.,* 2007 WL 4370647 at 4 (S.D. Fla. 2007).

While establishing the contours of the after-acquired evidence defense in *McKennon v. Nashville Banner Publ. Co.,* 513 U.S. 352, 363 (1995), the Supreme Court recognized that the "concern that employers might as a routine matter undertake extensive discovery into an employee's background or performance on the job to resist [discrimination] claims...is not an insubstantial one. . ." To prevent such abuses, the Court encouraged lower courts to exercise their power

under the Federal Rules. *Id.* Since then, courts have repeatedly quashed subpoenas and/or entered protective orders to prohibit disclosure of records in the possession of a party's prior employers. *See Brown v. Yellow Trans., Inc.,* 2009 U.S. Dist. Lexis 94693 (N.D. Ill. 2009)(quashing 19 subpoenas on an employment discrimination plaintiffs' former employers, requesting personnel files, payroll records, performance reviews, disciplinary records, reference and background checks); *Perry v. Best Lock Corp.,* 1999 WL 33494858 at 1 (S.D. Ind. 1999)(broad sweep for documents held by plaintiff's former employers is not reasonably calculated to lead to discovery of admissible evidence and can become an instrument for delay or oppression).

If the Defendants' purpose of issuing these subpoenas to former employers is to search for evidence in an after-acquired evidence defense, *Rivera v. Nibco, Inc.,* 364 F.3d 1057, 1071 -72 (9th Cir. 2004) precludes defendants from engaging in such "fishing expedition" and holds that a protective order under Rule 26(c) is proper to prevent defendants from using discovery process to support after-acquired evidence defense. In *Liles v. Stuart Weitzman, LLC,* 2010 WL 1839229 at 4-5 (S.D. Fla. 2010) the Court issued a well written ruling that this defense cannot be the basis for initiating discovery to former employers. "Although the after-acquired evidence doctrine provides employers a mechanism to limit an employee's remedies based on evidence found during discovery, it should not be used as an independent basis to initiate discovery." *Premer v. Corestaff Services,*

1 *LP,* 232 F.R.D. 692, 693 (M.D. Fla. 2005); *see also Perry v. Best Lock Corp., supra*
2 at 2 ("The [McKennon] Court's comment about potential abuse clearly implies
3 that discovery is not warranted for the sole purpose of developing a possible after-
4
5 acquired evidence defense."); *Maxwell v. Health Center of Lake City, Inc.,* 2006
6 WL 1627020 at 4-5 (M.D. Fla. 2006)(the after-acquired evidence doctrine "should
7 not be used to independently initiate discovery").
8
9      The subpoenas should be quashed and/or a protective order entered.
10
11      RESPECTFULLY SUBMITTED this 27th day of September, 2010.
12
                      By s/ Charles Anthony Shaw
13
14                       Charles Anthony Shaw
                      Attorney for Plaintiffs
15
16 I certify that on this 27th day of September 2010, I electronically transmitted a
PDF version of this document to the Clerk of Court, using the CM/ECF System,
17 for filing and for transmittal of a Notice of Electronic Filing to the following
CM/ECF registrants:
18
19 Mark Ogden
Christie L. Kriegsfeld
20 Litler Mendelson, P.C.
2425 East Camelback Road, Suite 900
21 Phoenix AZ 85016
22
Fred M. Aspey
23 Aspey Watkins & Diesel, P.L.L.C.
123 N. San Francisco Street, Suite 300
24 Flagstaff, AZ 86001
25
I further certify that on this 27th day of September 2010, I mailed a copy of this
26 document to the following:
27

4

1  Honorable Frederick J Martone
2  UNITED STATES DISTRICT COURT
   District of Arizona
3  401 West Washington St., Suite 526
   Phoenix, AZ 85003-2154
4
5  By s/ Kelly Levine
         Kelly Levine
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27