**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| William E. Lewin, | ) | No. CV 10-8041-PCT-FJM |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Nackard Bottling Company, et al., | ) | |
| Defendants. | ) | |

The court has before it plaintiff's "Motion to Quash Subpoenas and/or Motion for Protective Order," (doc. 28), defendant's response (doc. 30), and plaintiff's reply (doc. 31).

Plaintiff, William Lewin, filed an employment action under state and federal law against defendant on January 8, 2010 (doc. 1). On September 15, 2010, defendant issued subpoenas to five non-party, former employers seeking all employment records and documents, including all written materials that would be housed in plaintiff's personnel file. In response, plaintiff filed a motion to quash the subpoenas and/or a motion for protective order on the grounds that the employment records are private and irrelevant. Defendant argues plaintiff's employment records are relevant to mitigation efforts, plaintiff's qualifications, potential after-acquired evidence, and plaintiff's credibility.

Rule 26(c)(1), Fed. R. Civ. P., provides that "upon motion by a party . . . and for good cause shown, the court . . . may make any order which justice requires to protect a party or

person from annoyance, embarrassment, oppression, or undue burden or expense."[1] The party seeking the protective order must demonstrate good cause. Id. Here, plaintiff has met his burden in demonstrating that defendant's subpoenas are overbroad, burdensome, and seek information unlikely to lead to admissible evidence.

First, defendant's request to obtain plaintiff's entire personnel file from five former employers is, on its face, overbroad and not reasonably calculated to lead to the discovery of admissible evidence. See Maxwell v. Health Center of Lack City, Inc., No. 3:05-CV-1056, -J-32MCR, at * 3 ( M.D. Fla. June 6, 2006). By failing to limit its subpoena to certain categories of documents, we find that defendant is merely trying to engage in a fishing expedition. Contrast Abu v. Priamco Sea-Tact Inc., No. C08-1167RSL, 2009 WL 279036, at * 2 (W.D. Wash. Fed. 5, 2009) (upholding a subpoena for employment records where the issuing party had limited it to certain categories of information).

Second, we find that the subpoenas are not likely to lead to relevant, admissible evidence, and therefore not discoverable under Rule 26(b)(1), Fed. R. Civ. P. Defendant seeks employment records from former employers. Mitigation relates to plaintiff's diligence in seeking employment after termination. The discovery of former employment records has no bearing on that issue.

On the issue of employment qualifications and after-acquired evidence, though the after-acquired evidence doctrine provides employers a mechanism to limit an employee's remedies based on evidence found during discovery, it should not be used as an independent basis to initiate discovery. Rivera v. NIBCO, Inc., 364 F.3d 1057, 1070-71 (9th Cir. 2004) (stating that district courts should play a critical role in preventing defendants from using the doctrine as a sword); see also Liles, 2010 WL 1839229, at * 4-5 (discussing a number of district court cases applying protective orders in the context of the after-acquired evidence defense). Defendant's assertion that plaintiff may have lied on his employment application

---

[1] The scope of discovery under a Rule 45 subpoena to non-parties is the same as that permitted under Rule 26. See Liles v. Stuart Weitzman, LLC, No. 09-61448-CIV, 2010 WL 1839229, at * 2 (S.D. Fla. May 6, 2010).

- 2 -

1 about having a high school degree is an insufficient justification for the after-acquired
2 evidence defense because defendant has failed to show that the completion of high-school
3 was a pre-requisite for the job. See id. (stating that before an employer may use the after-
4 acquired evidence defense it must meet its burden of showing, had it been aware of that
5 evidence, it would have discharged the employee).

6     Finally, an attack on plaintiff's credibility by introducing evidence of his character in
7 another employment setting is likely inadmissible propensity evidence under Rule 404(a),
8 Fed. R. Evid. See Zubulake v. UBS Wharburg, LLC, 382 F. Supp. 2d 536, 541 (S.D.N.Y.
9 2005).

10     Therefore, **IT IS ORDERED GRANTING** plaintiff's motion to quash subpoenas and
11 motion for protective order (doc. 28).

12     DATED this 4th day of November, 2010.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge

- 3 -